# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-3716

———————————————

Patricia M. Aitchison

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: October 19, 2016
Filed: October 26, 2016
[Unpublished]

——————————

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

Patricia Aitchison applied for Social Security disability insurance benefits, alleging a disability onset date of August 9, 2011, the day following denial of her prior application. During the administrative hearing, at which Aitchison and a vocational expert ("VE") testified, Aitchison submitted additional evidence, namely, records reflecting that the Department of Veterans Affairs had assigned Aitchison a 70%

psychiatric disability rating and a 100% rating for unemployability. Based on this new evidence, the Administrative Law Judge ("ALJ") submitted post-hearing interrogatories to Dr. James Felling, an impartial medical expert in psychology, and added Dr. Felling's response to the administrative record. At Aitchison's request, the ALJ then held a supplemental hearing at which Dr. Felling and the VE testified.

After the supplemental hearing, the ALJ denied Aitchison's application, concluding that she suffered from severe but not listed impairments -- psoriatic arthritis, neuropathy, tinnitus, major depression without psychosis, and anxiety disorder with obsessive compulsive traits -- but that Aitchison was not disabled because, while she could not perform her past relevant work as a massage therapist and medical assistant, she retained the residual functional capacity ("RFC") to perform a limited range of light work. In making this RFC finding, the ALJ gave little weight to the opinion in a medical source statement ("MSS") completed by Dr. Imran Khawaja, one of Aitchison's treating VA physicians, one month before the initial hearing. The ALJ discounted this MSS because "Dr. Khawaja's treatment notes indicate a significantly higher level of functioning than implied by his opinion in . . . a checkbox form supplied by the claimant's attorney that contained no supporting analysis." Instead, the ALJ placed great weight on Dr. Felling's RFC findings and his opinion that the statements in Dr. Khawaja's MSS "are not felt to be consistent with the clinical records, and suggest advocacy for the claimant rather than an objective assessment."

After the Commissioner's Appeals Council denied review, Aitchison filed this action for judicial review, arguing that the ALJ's decision is not supported by substantial evidence on the record as a whole because the ALJ's RFC finding failed to give controlling weight to the opinion of Dr. Khawaja, her treating physician. In

a thorough opinion, the district court[1] affirmed the denial of disability benefits, concluding that the ALJ properly developed the record, and that substantial evidence on the record as a whole supports the ALJ's findings that Dr. Khawaja's MSS opinion was inconsistent with his treatment notes and other medical evidence, and that the evidence supports Dr. Felling's opinion that Aitchison "is not as limited [by her depression, anxiety, and related limitations] as Dr. Khawaja's opinion suggests."

On appeal, Aitchison argues that the ALJ's findings as to her mental RFC are not supported by substantial evidence because the ALJ relied upon the opinion of Dr. Felling, a non-treating, non-examining medical source, rather than give proper deference -- "controlling weight" -- to the opinion of Dr. Khawaja, a treating physician. "We review the district court's decision de novo, and will affirm if the Commissioner's decision is supported by substantial evidence on the record as a whole." Van Vickle v. Astrue, 539 F.3d 825, 828 (8th Cir. 2008). After careful review of the administrative record as a whole, we conclude that substantial evidence supports the ALJ's decision and therefore affirm for the reasons stated by the district court. As we have frequently noted, "treating physician opinions may receive limited weight if they are conclusory or inconsistent with the record." Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016).

———————————————

[1] The Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota, who was designated to decide the case on the merits with the consent of the parties pursuant to 28 U.S.C. § 636(c).